# Hellring Lindeman Goldstein & Siegal LLP
## COUNSELLORS AT LAW

BERNARD HELLRING (1916-1991)
JOEL D. SIEGAL ∆
MICHAEL EDELSON
ROBERT S. RAYMAR ∆
STEPHEN L. DREYFUSS ∆
PATRICIA A. STAIANO
BRUCE S. ETTERMAN ∆
MATTHEW E. MOLOSHOK ∆
DAVID N. NARCISO ∆
SHERYL E. KOOMER
CORINNE B. MALONEY ∆
CHRISTY L. SAALFELD ∆

∆  NJ & NY   +  FL

103 EISENHOWER PARKWAY
SUITE 403
ROSELAND, NEW JERSEY 07068-1031

T: +1.973.621.9020  |  F: +1.973.621.7406
www.hlgslaw.com

JONATHAN L. GOLDSTEIN ∆ +
SPECIAL COUNSEL

CHARLES ORANSKY ∆
ROBERT B. ROSEN ∆
JUDAH I. ELSTEIN ∆
JOHN A. ADLER ∆
OF COUNSEL

MARGARET DEE HELLRING (RET.)

March 18, 2025

*The request is GRANTED. The Clerk of Court is directed to terminate the motion at Dkt. 30.*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J.*
*Dated: March 21, 2025*

By ECF

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *World Business Lenders, LLC v. Robert Pardes and Eliot Pratt*
      Case No. 1:25-cv-1039-AS

      Letter-Motion for Leave to File Unredacted Answer of
      Defendant Robert Pardes under Seal and File Redacted
      Answer on the Public Docket

Dear Judge Subramanian:

This firm represents Robert Pardes, a defendant in this action. Simultaneously with this letter-motion, we are electronically filing on the public record a minimally redacted version of the Answer, Defenses and Counterclaim ("Pardes Answer"), while filing under seal the unredacted version of that Answer with the proposed redactions highlighted in yellow. By this letter-motion, Mr. Pardes respectfully requests that the Court allow only the redacted Answer to be publicly filed and to maintain the unredacted Pardes Answer under seal, accessible only to Plaintiff World Business Lenders, LLC ("WBL") and Mr. Pardes.

We make this request pursuant to this Court's Individual Practices 11(B) and 11(C)(iii), Standing Order 19-MC-583, and Section 6 of the Electronic Case Filing rules of this District.

As directed by Section 11(C)(i) of the Court's Individual Practices, we conferred yesterday afternoon by telephone with Stephen J. Rosenfeld, Esq., counsel for WBL. Mr. Rosenfeld informed us that WBL requests that only the redacted Answer be publicly filed, and that the unredacted Answer be filed under seal. In light of that information as to WBL's position on the redaction/seal issue, I therefore notified Mr. Rosenfeld during the conference that WBL must file, within three business days of the filing of this letter-motion, a letter explaining WBL's position regarding the need to seal or redact the Answer.

**Hellring Lindeman Goldstein & Siegal** LLP

Honorable Arun Subramanian — 2 — March 18, 2025

Mr. Pardes makes this request to seal the unredacted Pardes Answer out of an abundance of caution, since he only finds himself in this Court because of WBL's allegations, *inter alia*, that he breached obligations under a Confidentiality Agreement for the protection of WBL "Confidential Information," broadly defined to include business information that could be "detrimental" to WBL. *See, e.g.,* Complaint ¶ 24. Certain portions of Mr. Pardes' Answer, particularly certain defenses and counts of the counterclaim asserted therein, may be alleged by WBL to contain such information.

WBL's Complaint also alleges that Mr. Pardes' use or disclosure of certain Confidential Information violated both the Confidentiality Agreement and the Defend Trade Secrets Act ("DTSA") (Complaint, Count III). Based on WBL's allegations in the Complaint, therefore, defendant Pardes has a well-founded concern that WBL will contend that other business information necessary for Mr. Pardes' defense, the prosecution of his counterclaim and the fair resolution of this action is similarly "Confidential Information" of WBL which Mr. Pardes cannot use or disclose in this Court.

It should be noted that the DTSA contemplates in these circumstances that Mr. Pardes file under seal any pleadings or papers that contain business information that WBL might contend to be within the scope of its "trade secrets" (defined by the DTSA to include, arguably, confidential business information that might not otherwise qualify for trade secret protection). *See* 18 U.S.C. § 1839(3) (defining trade secrets); 18 U.S.C. § 1833(b)(1)(B) (immunizing from criminal or civil liability filing of trade secrets in judicial proceedings under seal); 18 U.S.C. § 1833(b)(2) (immunizing from criminal or civil liability whistleblowers who disclose trade secrets to their attorneys or file them in court proceedings under seal).

In making this motion, Mr. Pardes fully acknowledges the importance of the presumption of public access to judicial proceedings, particularly where the information could relate to matters of public importance, which then must be balanced against "'the privacy interests of those resisting disclosure.'" *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). WBL will express its own views on this issue. Mr. Pardes is entitled to defend himself against WBL's allegations and to assert his own counterclaim against WBL and should be permitted to do so under seal to avoid further allegations of improper disclosure of claimed WBL "confidential information" or "trade secrets."

Respectfully yours,

s/ Stephen L. Dreyfuss

cc: All Counsel of Record (by ECF)
    Elliot Pratt (pro se) (by first class mail)

444664