UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WORLD BUSINESS LENDERS, LLC,
Plaintiff,

-against-

ROBERT PARDES,
Defendant.

25-cv-1039 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff World Business Lenders, LLC (WBL) moves for summary judgment on defendant Robert Pardes's counterclaims. Dkt. 62. That motion is GRANTED in part and DENIED in part.

## BACKGROUND

WBL is a lender that focuses on businesses that lack access to traditional sources of credit. Plaintiff's Statement of Material Facts in Support of Motion for Summary Judgment, Dkt. 64 ¶ 1. Pardes started to work for WBL in 2013, eventually became its President, and held that role until WBL terminated his employment on February 3, 2025. *Id.* ¶¶ 2, 5–6.

As part of his employment with WBL, Pardes signed a confidentiality agreement that prohibited him from "disclosing confidential information to any third party . . . not authorized to receive the confidential information." *Id.* ¶¶ 9, 12. WBL says it terminated Pardes's employment because he disclosed WBL's confidential information to a competitor and sent proprietary documents to his personal email account, in violation of that agreement. *Id.* ¶¶ 27–30. Pardes says that he complied with the confidentiality agreement, and that WBL terminated him because of his age and retaliated against him for raising concerns about specific WBL business practices. *See, e.g.*, Dkt. 91 ¶¶ 24, 39.

WBL sued Pardes, and Pardes asserted counterclaims that are the subject of WBL's motion for summary judgment.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if a reasonable jury could find for either side. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a fact is "material" if it could "affect the outcome." *Id.* The Court views the record "in the light most favorable to the non-movant." *Williams v. MTA Bus Co.*, 44 F.4th 115, 126 (2d Cir. 2022) (cleaned up). But if the non-movant will bear the burden

of proof on an issue at trial, it must point to some evidence supporting the "essential element[s]" of its position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

**DISCUSSION**

Pardes's first counterclaim is for age discrimination in violation of the New York Executive Law. Dkt. 39 at 5–6. After review of the summary judgment record, the Court agrees with WBL that there is no genuine issue of material fact that Pardes's termination from WBL was a pretext for age discrimination.

Pardes's second counterclaim is for retaliation in violation of New York Labor Law Section 740. *Id.* at 6–9. Here, Pardes points to the fact that he complained about the legality of certain of WBL's business practices shortly before he was terminated, and also argues that under the circumstances there was no material violation of the confidentiality agreement, given the principal disclosure WBL complains about was for the purpose of figuring out a WBL tax issue, and not for giving information to a corporate competitor. Thus, he argues that the fact of his complaints, their proximity to his termination, and in his view the flimsy basis for the termination, are all indicia pointing toward retaliation as the true motive. This is a classic battle of the facts that will turn on the credibility of the witnesses at trial. The motion for summary judgment on this count is denied.

Pardes's third counterclaim is for "breach of contract/breach of the implied covenant of good faith and fair dealing." *Id.* at 9–10. In his briefing, Pardes limits this to a claim relating to certain bonus awards that he claims had vested, were payable to him before his termination, and which WBL simply didn't pay, presumably based on his termination. WBL is correct that this particular violation wasn't pleaded as part of the counterclaim, and so it's entirely unclear what contract WBL allegedly breached, and precisely how. And there's no evidence cited in Pardes's brief supporting this claim, other than one reference to deposition testimony concerning the fact of the bonus awards. There is a complete absence of pleading, explanation, and evidence supporting this claim. For these reasons, the Court will grant the motion for summary judgment on this count. (Of course, to the extent that Pardes claims as damages on his retaliation claim the bonus awards he would have been paid if not for his allegedly retaliatory firing, then he may seek such relief if appropriate.)

Finally, Pardes's fourth counterclaim is for "relief from the Confidentiality Agreement." No valid legal basis or cause of action is stated for this requested relief, and so this counterclaim is dismissed.

## CONCLUSION

For these reasons, WBL's motion for summary judgment is granted as to the first, third, and fourth counterclaims, and denied as to the second.

On or before **August 20, 2026**, lead counsel for the parties should meet and confer for no less than 30 minutes, either in person or over video conferencing, to discuss: (1) trial dates over the next three months; and (2) pathways to a potential settlement of this case (having conferred with their clients in advance in good faith about ways to resolve this case short of trial). Either before or after the call, there should be at least one exchange of a settlement demand and settlement offer.

If the case doesn't settle, then on or before **August 27, 2026**, the parties should propose trial dates within the three-month time frame. In terms of the trial, the Court notes that many filings in this case have been made under seal. Having reviewed the materials, however, the Court does not believe that any exhibits would warrant sealing at trial, and the Court does not seal its courtroom absent compelling reasons that can overcome the paramount First Amendment interests in public access to trials. The Court is unaware of any such reasons that would apply in this case.

The Clerk of Court is respectfully directed to terminate Dkt. 62.

SO ORDERED.

Dated: August 10, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge